*In re* PETERSON ORTIZ TERREFORTE, querellado.

*Número:* O-68-59  *Resuelto:* 18 de marzo de 1969

*Rafael A. Rivera Cruz, Procurador General, J. F. Rodríguez Rivera, Subprocurador General, Elpidio Arcaya y Lolita Miranda, Procuradores Generales Auxiliares,* abogados de El Pueblo; Peterson Ortiz Terreforte, *pro se* y *Ferdinand Rivera Ortega,* abogado del querellado.

PER CURIAM: El Hon. Procurador General de Puerto Rico formuló querella contra el querellado consistente de los siguientes cargos:

"1. El 15 de agosto de 1967 Peterson Ortiz Terreforte, actuando como notario público, autorizó el otorgamiento de la escritura número cuatro (4) de su protocolo, sobre compraventa, en virtud de cuya escritura Doña Carmen L. Bencón compareció ante él a vender a Doroteo Marty Mercado una casa radicada en Mayagüez, constándole de propio y personal conocimiento a Peterson Ortiz Terreforte que la vendedora compareciente no era Carmen L. Bencón.

2. Peterson Ortiz Terreforte, sin facultad, poder, ni autorización de Carmen L. Bencón, vendió una casa perteneciente a dicha Carmen L. Bencón por precio de $2,000.00, apropiándose del importe de la venta.

3. Peterson Ortiz Terreforte violó la Ley Notarial de Puerto Rico al dar falsamente fe de hechos que le constaban no ser ciertos, al figurar como otorgante en una escritura a una persona que en el momento mismo del otorgamiento se encontraba fuera de Puerto Rico."

El querellado en su contestación admitió el párrafo primero de la querella negando los párrafos segundo y tercero e hizo "alegación de inocencia de toda imputación de actos intencionales, maliciosos realizados por él, admitiendo que si en alguna forma sus actos violaron provisiones del Derecho Notarial fue en forma inocente y de buena fe, víctima de un plan premeditado maquiavélico realizado por enemigos que le tendieron hábilmente una trampa con la intención malévola de perjudicarlo."

El Comisionado Especial formuló las siguientes conclusiones de hecho:

"1.—Para las fechas a que se refieren los cargos el querellado y la Sra. Carmen L. Bencón tenían buenas relaciones de amistad ya que en y alrededor del mes de abril de 1967 la Sra. Bencón vivió durante un mes y medio en la residencia del querellado en la Urbanización Las Lomas mientras cuidaba a la esposa de éste que se encontraba enferma.

2.—El día 4 de abril de 1967 el querellado, actuando como notario público, autorizó una escritura en la que compareció la Sra. Carmen L. Bencón y le otorgó un poder al Sr. Corpus Rivera Martell para que vendiera una casa ubicada en la ciudad de Mayagüez y perteneciente a la Sra. Bencón. Dicho poder está inscrito en el Registro de Poderes de este Tribunal. La Sra. Bencón autorizó al apoderado a vender la casa en $3,000.00.

3.—En el mes de mayo de 1967 la Sra. Carmen L. Bencón regresó a Estado Unidos donde ha residido por 26 años.

4.—El día 15 de agosto de 1967 el querellado, actuando como notario público, autorizó la escritura número cuatro (4) de su protocolo (Exhibit I del Procurador) en la que aparece la Sra. Carmen L. Bencón vendiendo la casa ubicada en Mayagüez al Sr. Doroteo Marty Mercado por el precio de $2,000.00.

5.—La Sra. Carmen L. Bencón ni su apoderado Corpus Rivera Martell comparecieron al otorgamiento de la mencionada escritura #4 ni autorizaron la transacción de compraventa contenida en la misma lo cual le constaba de propio y personal conocimiento al querellado.

6.—La firma y las iniciales que aparecen en la referida escritura #4 como de la Sra. Carmen L. Bencón no son la firma

y las iniciales auténticas de la Sra. Bencón; lo cual le constaba de propio y personal conocimiento al querellado.

7.—El querellado, sin poder y sin autorización de la Sra. Carmen L. Bencón, vendió la casa propiedad de ésta al Sr. Doroteo Marty Mercado por el precio de $2,000.00.

8.—El querellado recibió del Sr. Doroteo Marty Mercado la suma de $1,500.00 como parte del precio de venta de la casa de la Sra. Bencón y se apropió de $1,250.00.

9.—La Sra. Rosario Caballero, esposa del querellado le escribió una carta a la Sra. Bencón a Nueva York informándole de la venta de la casa y acompañándole la suma de $250.00.

10.—La Sra. Bencón le escribió varias cartas al querellado y su esposa inquiriendo sobre los pormenores de la venta y no recibió contestación. La Sra. Bencón envió entonces al detective privado Luis Antonio Cabaña a investigar la situación.

11.—A fines de agosto de 1967 al serle sometido el caso al Fiscal Luis Anglade de Mayagüez, éste llamó por teléfono a Nueva York a la Sra. Bencón y al día siguiente ella vino a Puerto Rico para la investigación.

12.—El fiscal Luis Anglade sometió el caso al Hon. Ángel S. Bonilla Rodríguez, Juez del Tribunal de Distrito, Sala de Mayagüez, y este magistrado determinó causa probable por los delitos de Falsificación y Hurto Mayor, expidió órdenes de arresto contra el querellado y además una orden de allanamiento para registrar su residencia oficina.

13.—Al diligenciar la policía las referidas órdenes de arresto y de allanamiento, el Fiscal Anglade acompañó a la policía y ocupó personalmente y conserva en su poder como prueba en las causas criminales antes mencionadas el original de la escritura número cuatro (4) del notario querellado de fecha 15 de agosto de 1967."

Hemos examinado el récord del caso y aparece del mismo que el Comisionado Especial no incidió y, por el contrario, sus conclusiones de hecho están ampliamente justificadas por la prueba.

*En virtud de lo expuesto se suspende al querellado del ejercicio de la profesión de abogado y notario de esta Isla,*

*y se ordena que su nombre sea eliminado de los registros de abogado.*